For the reasons set forth above we reverse and remand for a new trial.

STATE OF NEW JERSEY, IN THE INTEREST OF: C. S. AND J. C., JUVENILE-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued October 20, 1970—Decided November 2, 1970.

Before Judges KILKENNY, HALPERN and LANE.

*Mrs. Mary Aurigemma,* Assistant Deputy Public Defender, argued the cause for appellants (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

*Mr. Edward R. Rosen,* Assistant Prosecutor, argued the cause for respondent (*Mr. Vincent P. Keuper,* Monmouth County Prosecutor, attorney; *Mr. Elliot P. Katz,* Assistant Prosecutor, on the brief).

The opinion of the court was delivered by

HALPERN, J. A. D. Defendants were adjudged juvenile delinquents (*N. J. S. A.* 2A:4–14(1)(d)) for uttering loud and offensive language (*N. J. S. A.* 2A:170–29) and causing a disturbance in a school (*N. J. S. A.* 2A:170–28). Both were sentenced to indeterminate terms in the State Home for Girls.

The trial judge concluded from the evidence that defendants and another juvenile, who was also adjudged delinquent but has not appealed, entered Freehold Regional High School while classes were in session. The three girls were not enrolled at this school. A teacher, Mrs. Stutzman, heard a commotion in the hall and asked the three girls for their passes. One of them pushed her, and then all three ran down the hall causing a disturbance. Ultimately, Mr. Figg, the Assistant School Principal, and Mr. Foster, a special policeman and school attendance officer, located the three girls in the girls' lavatory and brought them to Figg's office. When told they could not leave until they were turned over to a responsible adult, they reviled Figg and

Foster with offensive and profane language which need not be repeated. While waiting for the police to arrive, the three girls bolted from the office. A chase ensued through the hallways, causing great excitement among the students; the girls were finally caught.

We agree with defendants' contention that the convictions under *N. J. S. A.* 2A:170-29 must be reversed. The proofs failed to show that the offensive language used in Figg's office was loud and of such a nature as to be likely to incite the hearers to an immediate breach of the peace. *State v. Griffin,* 92 *N. J. Super.* 389, 391 (App. Div. 1966); *State v. Profaci,* 56 *N. J.* 346, 353 (1970).

We disagree with defendants' contention that "the State failed to present a prima facie case on the added charge of disturbing assemblies" (*N. J. S. A.* 2A:170-28). The thrust of their argument is that Figg and Foster had no legal right to detain them, hence their escape and resulting disturbance was not a violation of the statute. This argument is specious. Figg and Foster, acting on behalf of the school authorities, not only had the right to detain the girls but the duty to do so, since they were not enrolled as students and were causing a disturbance. See *N. J. S. A.* 18A:17-42 *et seq.,* wherein the Legislature took cognizance of the problems arising from unlawful intruders in public schools.

In view of the previous juvenile records of the defendants, the sentences imposed were not excessive. *State v. Tyson,* 43 *N. J.* 411, 417 (1964), *cert.* den. 380 *U. S.* 987, 85 S. Ct. 1359, 14 L. Ed. 2d 279 (1965).

Except as herein modified, the judgments are affirmed.